No. 12,227.

SAUM *v*. FREIBERG.

(284 Pac. 780)

Decided February 3, 1930.

Mr. JOEL E. STONE, Mr. GLENN L. DALY, for plaintiff in error.

Messrs. MORRISSEY, MAHONEY & SCOFIELD, for defendant in error.

*In Department.*

Mr. Justice Butler delivered the opinion of the court.

This matter was before us on another occasion. See *Saum v. Freiberg*, 82 Colo. 395, 260 Pac. 114. On January 4, 1927, Annie Freiberg, the maternal grandmother of Margaret, Rita and Eleanor Saum, then 14, 12 and 9 years of age, filed in the juvenile court of Denver a petition stating that the children were dependent children for the reason that their environment is such, or there is such a controversy about their custody, as to warrant the state, in the interest of the children, in assuming or determining their guardianship, or in determining what may be for the best interests of said children, and for the further reason "that the mother of said minor children is deceased and that the father of said children is not a fit and proper person to have the custody, care and control of said children because of his immoral conduct with other women." At the hearing the children's father, George H. Saum, was present and testified. The jury returned a verdict finding that it would be for the best interests of the children that they be left in the custody of their maternal grandmother, and judgment was rendered in accordance with the verdict. We reversed the judgment because of the erroneous admission of improper evidence. After the first hearing the father married again. On January 20, 1928, the matter was heard a second time. A jury was waived, and, after hearing the evidence, the court—a new judge presiding—found that the charge of immoral conduct was not sustained by the evidence; but the court held that the other matters alleged were proven, and rendered the following judgment: "1. That Margaret, Rita and Eleanor Saum are dependent children. 2. That the custody of Margaret, Rita and Eleanor Saum is awarded to the grandmother. 3. The respondent shall have the right to visit the children, as heretofore ordered, subject to this modification: that until the further order of the court, his wife is not to accompany him on said visits."

■ In its opinion, the court stated that the testimony disclosed a most bitter and marked aversion on the children's part to their father and to his present wife, who would share in the custody of the children if their custody were awarded to him; that their aversion is deeprooted and sincere, and based upon what they believe to be the facts; that the court hopes that the children will come once again to love and respect their father, but that this can never be brought about by continued expressions on his part derogatory to the children's mother, whose memory is to them the dearest possession they have; that the welfare and best interests of the children will be subserved only by placing them in the custody of some one other than their father and step-mother; that as the grandmother had the children with her for varying periods of their lives, she is the natural person to have them now; that for the time being, for the welfare of the children, it is deemed best that the father visit them alone, unaccompanied by his wife; and that the children should endeavor to show the father that they are willing to be won back, and they should not refuse to see him, provided, he comes to them alone and conducts himself as he should.

The remarks of the court are justified by the record. Indeed, from an examination of the record, we are of the opinion that the court dealt leniently with the father. In so doing, the court displayed commendable tact.

■ We share with the trial court the hope that Saum and his children may become reconciled. If they do, or if there are other material changes in the situation, the juvenile court has ample power to make such further orders as justice may require. To review the evidence in detail in this opinion, thus making an enduring record of the unfortunate incidents disclosed by the record, and giving them unnecessary publicity, would tend to make more difficult, perhaps impossible, the reconciliation so greatly to be desired. We content ourselves, therefore,

with the statement that, in our opinion, the evidence supports the findings and the judgment.

The judgment is affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE MOORE and MR. JUSTICE BURKE concur.